John P. Kristensen (SBN 224132)
**KRISTENSEN LAW GROUP**
120 Santa Barbara St., Suite C9
Santa Barbara, California 93101
Telephone: (805) 837-2000
*john@kristensen.law*

| | |
|---|---|
| Jarrett Ellzey | David E. Wynne |
| (*Pro Hac Vice* forthcoming) | (*Pro Hac Vice* forthcoming) |
| Texas Bar No. 24040864 | Texas Bar No. 24047150 |
| **ELLZEY & ASSOCIATES** | **BURDINE WYNNE LLP** |
| 1105 Milford Street | 1415 Louisiana, Suite 3900 |
| Houston, Texas 77066 | Houston, TX 77002 |
| Telephone: (713) 554-2377 | Telephone: (713) 227-8835 |
| *jarrett@ellzeylaw.com* | *dwynnne@burdinewynne.com* |

*Attorneys for Plaintiff and all others similarly situated*

# THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY PATTISON | Case No.: 3:24-cv-2752 |
| *Plaintiff on behalf or herself and all others similarly situated* | **CLASS ACTION** |
| | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| vs. | |
| | (1) Breach of Contract; and |
| HP INC., | (2) Fraud |
| *Defendant.* | |
| | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL
-1-

Plaintiff Mary Pattison("Plaintiff"), by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated. Plaintiff makes the following allegations upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record.

## I. INTRODUCTION

1. Mary Pattison ("Plaintiff") brings this class action for damages resulting from HP Inc.'s ("HP" or "Defendant") breach of its contract with Plaintiff and others similarly situated regarding its Care Packs with "Risk Free" rebates.

2. HP is a publicly traded technology company headquartered in Palo Alto, California that develops personal computers, printers, and related supplies.

3. HP is the world's second largest personal computer vendor by unit sales. HP is ranked as the 63rd largest corporation by total revenue in the United States, generating over $53 billion in 2023 alone.

4. When HP sells computers, it endeavors to upsell customers on additional services and refundable service plans, including through its Care Pack program. The program purports to provide warranty-like coverage for service-related issues with certain HP products. It is touted as "risk free" because, according to its terms of service, if the customer has not had any service events covered by the Care Pack for three years, the customer is entitled to a full rebate equal to the cost of the Care Pack.

5. Despite the express terms of HP's Care Pack program obligating HP to administer, process and issue rebates, it has pretermitted its contracts with Care Pack owners. HP has failed to abide by its promises to administer the program, much less provide the rebates that it owes to Plaintiffs and the Class.

## II. JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

6. This Court has subject matter jurisdiction over this class action under

28 U.S.C. § 1332(d) of the Class Action Fairness Act of 2005 because the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are more than 100 members in the proposed class; and at least one member of the class, including Plaintiff, is a citizen of a state different from Defendant.

7. This Court has personal jurisdiction over Defendant because HP's principal place of business is in this District, and the acts and omissions giving rise to Plaintiff's claims occurred in and emanated from this District. By residing in California, HP is physically present and subject to the state's laws.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), because a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District, And Defendant has harmed Class members residing in this District.

9. Since the acts or omissions which give rise to Plaintiff's claims occurred in the County of San Mateo, Pursuant to Local Rule 3.2(c), this action must be assigned to the San Francisco division of the Northern District Court.

### III. PARTIES

10. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Houston, Texas.

11. HP is, and at all times mentioned herein was, a corporation headquartered in Palo Alto, California.

### IV. FACTUAL ALLEGATIONS

**A.** ***HP Sells Care Pack Service Plans with Purportedly "Risk Free" Rebates***

12. Defendant sells purportedly "risk free" service programs called HP Care Packs that are available to purchase to cover the cost of potential future service needs in connection with HP computers and related equipment. If the purchaser does not have any service events related to the associated computer or

equipment covered by the Care Pack for three years, the purchaser is entitled to a full rebate equal to the cost of the Care Pack upon timely submission of a rebate form provided by HP. HP promotes the Care Packs by claiming on its website that the purchaser can "Get 100% money back (excluding tax)" while covering "Accidental damage protection", promising "hardware Repair Coverage" and "No extra fees for repairs."[1] A more detailed description elsewhere on HP's website states:

> With HP Pick Up and Return with Accidental Damage Protection Service, you'll enjoy quick pickup, repair and return of your PC, shipping included. You'll also have access to 24x7 technical support and extended coverage—while keeping your PC covered by the manufacturer that knows it best. Drops? Spills? We've got you covered from unexpected accidents. Extend and enhance protection beyond your standard limited warranty with reliable support, expedited repairs, and accidental damage protection. Multi-year options are available. … This is a Care Pack that qualifies for Risk Free Rebate. The Risk Free Rebate allows you to protect your PC with an HP Care Pack; and if you don't use it, get your money back, excluding taxes paid, guaranteed.[2]

On another HP webpage regarding its Care Pack program, HP provides:

> If no service event occurs after the purchase date of the Care Pack, you are allowed to claim a rebate for the price of your Care Pack. … For details, visit (Terms and Conditions) [https://www.hp.com/us-en/support-drivers/total-care/terms-and-conditions.html][3]

However, upon clicking the "Terms and Conditions" link, the landing page states: "Page can't be reached. The page you are looking for was either not found or does not exist. Try refreshing page, or head back to HP.com."[4]

---

[1] https://www.hp.com/us-en/shop/reviews/hp-3-year-pickup-and-return-support-w-accidental-damage-protection-pavilion-envy-13-14-15-nb (last visited April 10, 2024).
[2] Id. at "Overview" tab.
[3] https://www.hp.com/us-en/shop/cv/risk-free-care-pack (last visited April 10, 2024).
[4] https://www.hp.com/us-en/support-drivers/total-care/terms-and-conditions.html (last visited May 2, 2024).

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
-4-

13. The Care Pack program receives abysmal reviews on HP's website. Comments from "Verified Purchasers" include the following:

- "Carepack [sic] support non existent"

- "Not happy"

- "NOT delivered CARE PLAN"

- "Unfulfilled"

- "It's been 4 weeks since I purchased it and it's still not showing up on HP support Assistant. The support assistant sent me a message trying to get me to buy the care pack even though I purchased it a month ago."[5]

14. HP community message boards on HP's website are similarly littered with complaints about HP's failure to respond at all to rebate form submissions, much less process and pay their Care Pack rebates. The following are just a few examples of customers' public comments in the HP Community online forum available on HP's website regarding HP's failure to administer and pay Care Pack rebates:

- I submitted my HP care pack rebate form on 6/5/2022 and received no response. I called HP customer support, they gave me a phone number to call. I called it, it gave me a website but no connection to a person to speak to.  When trying the website, I get the 404 error message for page not found. … Lol no response back of course, starting to look like hp care pack rebate is a scam.[6]

- I submitted the care pack rebate form and documentation on December 3, 2022.  I never received any confirmation or reply email.  Since then I

---

[5] https://www.hp.com/us-en/shop/reviews/hp-3-year-pickup-and-return-support-w-accidental- damage-protection-pavilion-envy-13-14-15-nb (Reviews Tab) (last visited April 10, 2024).

[6] https://h30434.www3.hp.com/t5/Notebook-Software-and-How-To-Questions/HP-Care-Pack-Rebate/td-p/8596575 (last visited April 10, 2024).

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL
-5-

have emailed twice asking for status with no response.[7]

- Hello, I submitted the Rebate Claim form on 12/18/22, then followed up again on 3/1/23. I never received any replies. I am owed a rebate of $197.99 for the HP Care Pack. Please let me know in specific terms when and how I will receive the rebate.[8]

- Called the number provided by hp support community multiple times with no call backs or anyone available that has the authorization to send me my rebate.[9]

- I sent in all the forms needed to get my warranty, I haven't heard anything back from HP. I spent hours trying to get an answer. How do I get my rebate?[10]

- I have emailed the required documents for the Care pack rebate to [content removed] My three-year Care pack expired in March, 2024. I have not received a confirmation or anything from HP. I have made numerous phone calls to all the numbers I can find for HP customer service and only get a 'NO ROUTES FOUND' and get disconnected. The website HP.com/go/rebatecenter 'Cannot be found' so is not active.[11]

### B. Plaintiff's Experience

15. Plaintiff purchased a personal computer from HP via its online store on November 14, 2020. Along with an HP Spectre x360 laptop at a cost of $1499.99, Plaintiff purchased an "HP Care Pack" for $184.99 (more fully described on the invoice as "HP 3 Year Pickup and Return with Accidental Damage Protection and Risk Free").

16. Having experienced no service events for three years on her laptop, Plaintiff completed the rebate form available on HP's website and submitted it,

---

[7] Id.

[8] https://h30434.www3.hp.com/t5/Notebook-Software-and-How-To-Questions/HP-Care-Pack-Rebate/td-p/8596575/page/3 (last visited April 10, 2024).

[9] Id.

[10] Id.

[11] https://h30434.www3.hp.com/t5/Notebook-Hardware-and-Upgrade-Questions/Care-Pack-Rebate/td-p/8988039 (last visited April 10, 2024).

as instructed on the form, by email to focus.crc@hp.com on December 19, 2023. Plaintiff filled out the form exactly as designed, identifying the SKU for the HP Care Pack (U9YS1E) and the serial number for the corresponding laptop (5CD047QYCQ) that she purchased from HP.

17. HP's rebate form directs customers, including Plaintiff, to submit completed rebate forms and further explains:

> Once the completed Claim Form and supporting documentation are sent to focus.crc@hp.com, please wait for a confirmation email that your documents have been received and no additional information is needed, and the team will begin processing. … Allow 6 to 8 weeks from the time that the claim is received by HP for processing. Then you will receive your rebate check by mail within 8-10 business days.

However, contrary to the representations and promises on HP's rebate form, HP never sent Plaintiff a confirmation email, nor is there any indication HP or its "team" ever began processing Plaintiff's rebate.

18. On March 23, 2024, over twelve weeks after the date Plaintiff submitted the rebate form as instructed by HP, Plaintiff emailed focus.crc@hp.com again, stating, "I have not received this rebate or any communication about it. Can you please respond?"

19. Having still heard nothing regarding her rebate, Plaintiff contacted HP service support and connected with a Case Manager on HP's Escalations Team, opening a Case number 5121699852 on March 25, 2024.

20. On March 26, 2024, Plaintiff forwarded her email submission to the HP Escalation team representative at hpservicesupport_ams@hp.com as instructed by the representative. Plaintiff also contacted the HP Escalation representative by phone who tried to transfer Plaintiff's call to a group supposedly handling Care Pack rebates. The transferred call was met with a message in Spanish. Plaintiff hung up and then tried to dial the phone number the HP

representative had provided to her (1-888-385-5410). An automated message provided, "Thank you for calling the HP Rebate Center…For service in English, press 1." Plaintiff then pressed 1. The automated message continued, "To check the status of a rebate that you may have already submitted, US customers go to www.hp.com/go/rebatecenter ... otherwise, please hold while we connect your call." Then a busy signal began and the call ended. Plaintiff attempted to call the number again with the same result.[12] The website provided by the automated message leads to a non-working site that stated, "Oops! Sorry. Something's messed up. We're working hard to fix it. We'll be back soon."[13]

21. On March 27, 2024, Plaintiff received an email from hpservicesupport_ams@hp.com that her case "will be archived as of today." The email instructed Plaintiff to contact HP Risk-Free Care Pack Rebate Program at 1-888-385-5410 or email focus.crc@hp.com. It was the same phone number Plaintiff had already tried to call and that provided nothing more than a busy signal and a disconnected line. Plaintiff then left a voicemail for the customer service agent informing them of the issue with the phone number and requesting that the care pack rebate payment be escalated to a level such that it could be settled.

22. Later that same day, after again reaching out to HP support by phone, Plaintiff received a call back from HP's Escalation team. The representative left a voicemail message for Plaintiff providing a different phone number to pursue the rebate, acknowledging she "can't guarantee it that it will work….[but] it is the only other number that I have." The new number the representative provided was 800-504-2007. The representative further informed Plaintiff that the service

---

[12] As of April 10, 2024, the phone number was continuing to drop any calls. As of May 2, 2024, dialing this phone number and pressing 1 for English then led to automatically being transferred to a primary care doctor's office in New Mexico – Presbyterian Medical Offices.

[13] www.hp.com/go/rebatecenter (last visited April 10, 2024); more recently the website provides "Hmmm… can't reach this page" (last visited May 2, 2024).

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
-8-

department could not process the rebate or help in any other way beyond giving her that phone number to call. Plaintiff then tried the alternative phone number twice without any success. After a recorded introduction and request that Plaintiff wait for a representative, the line went dead and the call ended. As of April 8, 2024, both phone numbers provided by HP representatives remained inoperable. As of May 2, 2024, the number merely lead to an automated welcome message, a request to hold for a representative, followed by a several ring tones and then dropped the call.

23.     Plaintiff then sent several additional emails to the HP Escalation team at consumer.escalations@hp.com requesting action. As of May 2, 2024 Plaintiff has still not received any update regarding processing her rebate request nor received the rebate that she is owed according to the terms of the program she purchased.

    **C.**     ***Common Injuries and Damages***

24.     As a result of Defendant's false representations, failure to disclose material facts about its Care Pack program, failure to properly administer the Care Pack program, and failure to provide rebates, Plaintiff and Class members have all sustained actual injuries and damages, including: (i) direct damages equal to the cost of their Care Pack, (ii) lost benefit of the bargain; (iii) lost time and opportunity costs associated with attempting to register the Care Pack and obtain Care Pack rebates; (iv) consequential damages associated with buying computers and the equipment covered by the Care Pack; and (v) nominal damages.

**V.     CLASS ACTION ALLEGATIONS**

    **A.**     ***The Class***

25.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for injunctive relief on behalf of herself and all others similarly situated.

26.     Plaintiff's proposed Class is as follows, subject to amendment as

appropriate:

> Class Definition. All individuals and entities residing within the United States and its territories who have (a) purchased a Care Pack from HP Inc., (b) not experienced a service event since the purchase of the Care Pack, and (c) not received a rebate equal to the cost of the Care Pack in the four years preceding the filing of this Complaint.

**B.** *Numerosity*

27. Upon information and belief, Defendant has sold Care Packs to thousands of consumers and companies throughout the United States without properly administering the program nor providing a rebate to which they are entitled. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**C.** *Common Questions of Law and Fact*

29. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

30. The following questions of law and fact common to the Class members are ripe for determination:

    a. Whether Defendant sold Plaintiff and Class members a Care Pack;

    b. Whether Defendant has breached the terms of the Care Pack program;

    c. Whether Defendant failed to properly administer the Care Pack program;

    d. Whether Defendant breached the implied covenant of

good faith and fair dealing;

  e. Whether Defendant's conduct constitutes an anticipatory breach of the Care Pack program terms;

f. Whether Defendant engaged in fraud, including but not limited to fraudulent concealment in connection with selling the Care Pack program;

g. Whether Defendant made misrepresentations, nondisclosure or concealed material facts to Plaintiff and members of the Class with the intent to mislead Plaintiff and members of the Class;

h. Whether Defendant is liable for damages, and the amount of such damages; and

i. Whether Defendant should be enjoined from such conduct in the future.

31. The common questions in this case are capable of having common answers. Since Plaintiff asserts that Defendant sold a Care Pack to Plaintiff and the Class members on the same or materially similar terms, and since this case is centered upon the conduct of HP, Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

**D.** ***Typicality***

32. Plaintiff's claims are typical of the claims of other members of the Class because Plaintiff, like every other Class member, has suffered from virtually identical conduct and now suffers from the same violations of the law as each other member of the Class. Plaintiff and the other Class members have a legal claim arising from the same or substantially similar Care Pack terms, the same conduct from Defendant, and the same violations of the law.

33. This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible

standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's terms and procedures challenged herein apply to and affect Class members uniformly and Plaintiff's challenges hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

### E. *Protecting The Interests of the Class Members*

34. Plaintiff will fairly and adequately represent Class members' interests. She has no disabling conflicts of interest that would be antagonistic to those of the other Class members. Plaintiff seeks no relief that is antagonistic or adverse to the Class members and the infringement of the rights and the damages he has suffered are typical of other Class members. Plaintiff has retained counsel experienced in complex class actions, business litigation, and consumer litigation, and Plaintiff intends to prosecute this action vigorously.

### F. *Proceeding Via Class Action is Superior and Advisable*

35. Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class members, who could not individually afford to litigate a complex claim against large corporations, like Defendant. Further, even for those Class members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

36. The nature of this action and the nature of laws available to Plaintiff and Class members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class members for the

wrongs alleged because Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each Class member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

37.  The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

38.  Adequate notice can be given to Class members directly using information maintained in Defendant's records.

39.  Unless a Class-wide injunction is issued, Defendant may continue in its failure to properly represent, sell, administer, or process its Care Pack program, and may continue to act unlawfully as set forth in this Complaint.

40.  Further, Defendant has acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding relief are appropriate on a class-wide basis.

41.  Likewise, particular issues under Rule 42(d)(1) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

    a.    Whether Defendant failed to administer its Care Pack program;

    b.    Whether Defendant failed to provide rebates owed under the Care Pack program;

  c. Whether Defendant's failures to institute adequate measures to administer and process rebate claims amounted to breach of contract, breach of the implied duty of good faith, and/or anticipatory breach of contract; and

  d. Whether Defendant engaged in fraud, making material misrepresentations and nondisclosures related to its Care Pack program.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

**(Against All Defendants on Behalf of Plaintiff Mary Pattison and the Class)**

42. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

43. Plaintiff brings this claim on behalf of herself and on behalf of the Class.

44. Defendant sells refundable warranty programs entitled Care Packs with "Risk Free" rebates.

45. Defendant promises to provide a rebate equal to the cost of the Care Pack if the purchaser does not have a service event claim covered by the program over the course of three years and applies for a rebate according to the terms of the program.

46. The Care Pack programs constitute contracts with the customers who purchase them.

47. Defendant breached the contracts it made with Plaintiff and the Class members by failing to administer its Care Pack program and failing to provide rebates according to applicable terms. Defendant further breached the contracts it made with Plaintiff and the Class members by failing to provide any responses to

rebate forms submitted to HP or its agents, much less doing so in a time promised by Defendant. Defendant's breaches, including but not limited to its failure to properly register and administer the Care Pack programs, also constitute breaches of the implied duty of good faith and anticipatory breach of the subject contracts.

48.  As a direct and proximate result of HP's breaches of the contracts, Plaintiff and Class members sustained damages, as alleged herein, including the loss of the benefit of the bargain, consequential damages and nominal damages.

49.  Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## SECOND CAUSE OF ACTION

### FRAUD

**(Against All Defendants on Behalf of Plaintiff Mary Pattison and the Class)**

50.  Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

51.  Plaintiff brings this claim on behalf of herself and on behalf of the Class.

52.  The misrepresentations, nondisclosure, and/or concealment of material facts made by Defendant to Plaintiffs and the members of the Class regarding its Care Pack programs, as set forth above, were known, or through reasonable care should have been known, by Defendant to be false and material and were intended by Defendant to mislead Plaintiff and the members of the Class.

53.  Defendant had a duty to disclose the truth about its Care Pack program, because Defendant consistently represents that its Care Pack program is "risk free", that rebates will be confirmed by email, processed within 6-8 weeks and checks provided within 10 business days afterward, and that purchasers can contact HP to obtain material information regarding their Care Pack by email and

phone numbers. Despite those representations, Defendant fails to provide working website pages, working phone numbers, timely register, process or provide rebates associated with its Care Pack programs. Once Defendant made representations to the public the quality, functionality, reliability, and risk-free nature of the Care Pack programs, Defendant was under a duty to disclose these omitted facts. Defendant is obligated to speak the whole truth and not conceal any facts which materially qualify those facts stated. One who volunteers information must be truthful, and the telling of a half-truth calculated to deceive constitutes fraud.

54. In addition, Defendant had a duty to disclose these omitted material facts because they were known and/or accessible only to Defendant which had superior knowledge and access to the facts, and Defendant knew they were not known to or reasonably discoverable by Plaintiff and the other Class members. These concealed and omitted facts were material because they directly impact the quality, functionality, reliability, and value of the Care Pack and the computers and equipment the Care Packs covered.

55. Defendant actively concealed and/or suppressed these material facts, in whole or in part, with the intent to induce Plaintiff and the other Class members to purchase HP computers, equipment and Care Packs, which did not match their true value. Plaintiff and the Class members were unaware of these omitted material facts that were actively concealed and/or suppressed, in whole or in part, by Defendant with the intent to induce Plaintiff and the other Class members to purchase the HP computers and equipment and Care Packs, which did not match their true value.

56. If Plaintiff and other Class members had known these material facts, they would not have acted as they did. Plaintiff's and the other Class members' actions were justified. Defendant was in exclusive control of the material facts and such facts were not known to the public, Plaintiff, or the Class members at

the time of their purchases.

57. As a result of the conduct of Defendant, Plaintiff and the Class members have been damaged because they would not have purchased the HP products covered by the Care Packs had they known the truth and because the value of Plaintiff's and the Class members' HP products and Care Packs diminished as a result of Defendant's fraudulent concealment of their scheme to avoid honoring their promises related to the Care Packs.

58. In failing to provide consumers accurate and truthful information about the true nature and characteristics of the Care Packs, Plaintiff and the Class members have been damaged based on the benefit of the bargain.

59. Defendant is liable to Plaintiff and the Class members for damages in an amount to be proven at trial and for exemplary or punitive damages.

60. Defendant wantonly, maliciously, oppressively deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and the Class members' rights engaged in a systematic and intentional scheme to defraud consumers by making false representations about the Care Pack programs and failing to disclose material facts related to the care Pack programs as specifically described above.

61. Based on information and belief, Plaintiff alleges that Defendants engaged in a course of conduct to ensure that employees, representatives, and agents did not reveal this scheme to the public in order to facilitate its fraudulent scheme and enhance Defendant's reputation and the "risk free" nature of the Care Pack programs in order to sell more computers and related equipment, along with Care Packs, and to sell them at an inflated price. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

///

///

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

A. That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate Class under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including the appointment of Plaintiff's counsel as Class Counsel;

B. For an award of damages, including actual, nominal, and consequential damages, as allowed by law in an amount to be determined;

C. That the Court enjoin Defendant, ordering it to cease and desist from similar unlawful activities;

D. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misrepresentations it makes in connection with the sale of Care Packs and from its failure to process and issue prompt, complete, and accurate rebates to Plaintiff and Class members;

E. For prejudgment interest on all amounts awarded, at the prevailing legal rate;

F. For an award of attorney's fees, costs, and litigation expenses, as allowed by law;

///
///
///
///
///
///
///
///

G.  For all other Orders, findings and determinations identified and sought in this Complaint.

Dated: May 8, 2024

**KRISTENSEN LAW GROUP ‖ ELLZEY & ASSOCIATES ‖ BURDINE WYNNE LLP**

*/s/ John P. Kristensen*
John P. Kristensen
Jarrett L. Ellzey
David E. Wynne
***Attorneys for Plaintiff and the Class***

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Plaintiff hereby demands a trial by jury for all such triable claims. |

Dated: May 8, 2024

**KRISTENSEN LAW GROUP ‖ ELLZEY & ASSOCIATES ‖ BURDINE WYNNE LLP**

*/s/ John P. Kristensen*
John P. Kristensen
Jarrett L. Ellzey
David E. Wynne
***Attorneys for Plaintiff and the Class***