IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY PATTISON,<br>        Plaintiff,<br>   v.<br>HP INC.,<br>        Defendant. | Case No. 24-cv-02752-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Before the Court is defendant HP Inc.'s ("HP") Motion, filed August 16, 2024, "to Dismiss Plaintiff's Amended Complaint," whereby said defendant seeks dismissal of the First Amended Complaint ("FAC") pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, and to strike class allegations pursuant to Rule 23(d).  Plaintiff Mary Pattison ("Pattison") has filed opposition, to which HP has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**A. Rule 12(b)(1):  Standing**

1. Pattison has standing to seek relief based on her not receiving a rebate of the $184.99 she paid for an "HP Care Pack" (see FAC ¶¶ 15, 24), as "[a] plaintiff's standing is evaluated as of the date the complaint was filed," see Sacks v. Office of Foreign Assets Control, 466 F.3d 764, 774 (9th Cir. 2006), and HP acknowledges it did not tender the sum of $184.99 until after the initial complaint was filed (see De Leon Decl. ¶ 5).

2. Pattison does not have standing to seek an injunction to prohibit HP from

---

[1] By order filed September 27, 2024, the Court took the matter under submission.

1   making "misrepresentations . . . in connection with the sale of Care Packs" (see FAC,
2   Prayer ¶ D), namely, an asserted misdescription of the HP Care Pack as including a term
3   that HP will, upon receipt of a rebate form, send a customer a full rebate after the
4   conclusion of the three-year contractual period if the customer has not used any services
5   during such period (see FAC ¶¶ 12, 16), as she fails to plead any "*desire* to purchase the
6   product" in the future, see Stover v. Experian Holdings, Inc., 978 F.3d 1082, 1088 (9th
7   Cir. 2020) (emphasis in original).

**B.  Rule 12(b)(1):  Mootness**

9   HP's tender to Pattison of the cost she paid for an HP Care Pack, i.e., $184.99,
10  does not render the case moot.  Although HP seeks to distinguish cases finding an
11  "unaccepted offer" to satisfy the lead plaintiff's individual claim is insufficient to render a
12  putative class action moot, see, e.g., Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156
13  (2016) (holding "an unaccepted settlement offer has no force"), an unaccepted tender is,
14  in essence, the functional equivalent of an unaccepted offer, see Zeidman v. J. Ray
15  McDermott & Co., 651 F.2d 1030, 1050 (5th Cir. 1981) (holding defendant's "tendering to
16  the named plaintiffs the full amount of their personal claims" does not moot putative class
17  action); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1091 (9th Cir. 2011) (citing favorably
18  to Zeidman) (declining to adopt "rule allowing a class action to become moot simply
19  because the defendant has sought to buy off the individual private claims of the named
20  plaintiffs") (internal quotation and citation omitted); Chen v. Allstate Ins. Co., 819 F.3d
21  1136, 1138 (9th Cir. 2016) (interpreting "Supreme Court and Ninth Circuit case law" as
22  holding putative class actions do not become moot when defendant has "offered or
23  tendered" lead plaintiff "complete relief" on lead plaintiff's individual claim).

**C.  Rule 12(b)(b):  First Cause of Action (Breach of Contract)**

25  The breach of contract claim is subject to dismissal, as Pattison fails to identify in
26  the FAC any contractual provision in the HP Care Pack Support Terms under which a
27  customer who does not use services during the three-year period is entitled to a rebate of
28  the purchase price at the end of such period, and the HP Care Pack Support Terms

2

contain no such provision.  (See Quarles Decl. Ex. A.)[2]  To the extent Pattison cites to language on HP's website (see FAC ¶¶ 12, 16), Pattison pleads no facts to support a finding said language constituted an offer that she accepted; rather, it purports to be descriptive of the HP Care Pack, not to create a separate agreement (see FAC ¶ 16 (quoting website and alleging Pattison "relied on HP's representations regarding its Care Pack program")).  Moreover, the HP Care Pack Support Terms include an integration clause providing the Terms "supersede[ ] any previous communications or agreements that may exist."  (See Quarles Decl. Ex. A ¶ 19.)

**D.  Rule 12(b)(6):  Second Cause of Action (Fraud)**

To the extent the fraud claim is based on a theory that HP did not intend to comply with a contractual promise to pay Pattison a full rebate at the end of the three-year term, the claim is subject to dismissal as no such contractual term is included in the HP Care Pack Support Terms.  To the extent the fraud claim is, however, based on a theory that Pattison, having relied on the alleged misdescription of the HP Care Pack on HP's website, "purchased the personal computer" and "paid extra money for the Care Pack" (see FAC ¶¶ 16, 55), the claim is not subject to dismissal.

**E.  Rule 12(b)(6): Third Cause of Action (Violation of Consumer Legal Remedies Act)**

1.  Pattison's CLRA claim is not subject to dismissal by reason of a failure to provide advance notice to HP.  Advance notice is not required where, as here, the plaintiff seeks injunctive relief.  See Cal. Civ. Code § 1782(d) (providing "action for injunctive relief under [CLRA] may be commenced without compliance with [pre-suit notice requirement]").[3]

---

[2] HP's unopposed request for judicial notice of the HP Care Pack Support Terms, which terms Pattison purports to summarize in the FAC (see FAC ¶¶ 5, 26), is hereby GRANTED.

[3] As stated above, Pattison's claims for relief based on HP's alleged failure to issue her a full rebate are not moot.  Those claims include a claim for an injunction requiring HP to issue a full rebate to Pattison and putative class members whom Pattison

3

1     2. Pattison's CLRA claim is not subject to dismissal by reason of a failure to comply with the requirement that a plaintiff attach to the complaint an affidavit identifying the "county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business." See Cal. Civ. Code § 1780(d).  HP offers no evidence to support a finding that Pattison's declaration that HP "conducts regular and sustained business in San Mateo County" is incorrect.  Moreover, as the purpose of the requirement is to identify the "proper place for the trial," see id., even assuming Pattison should have, as HP asserts, identified "Santa Clara" as the correct county, any such claimed error is not a basis for dismissal, as the Northern District of California includes both San Mateo County and Santa Clara County, see 28 U.S.C. § 84(a).

**6.  Rule 23(d):  Class Allegations**

1.  The class is not "overbroad" by reason of a failure to exclude customers who "purchased one of the HP Care Packs that did not include a Risk-Free rebate" (see Def.'s Mot. at 16:1-3), as the FAC, as discussed above, includes no facts to support a finding that any HP Care Packs include a contractual right to a "Risk-Free rebate."

2.  The class is not "overbroad" by reason of a failure to exclude customers who did not "register their Care Pack for the rebate" (see id. at 16:3-4), as Pattison does not plead that any such requirement exists, nor is such requirement set forth in the HP Care Pack Support Terms of which the Court has taken judicial notice.  Although the HP Care Pack Support Terms state that, if a customer "does not register [a] product" within the time set forth in the agreement, HP "is not obligated to provide support services" (see Quarles Decl. Ex. A ¶ 13), Pattison's claims are not based on a failure to provide support services.

3.  The class is not "overbroad" by reason of a failure to exclude customers who claims would be barred by a one-year contractual limitations period in the HP Care Pack

---

asserts were entitled to such rebate.

Support Terms (see Def.'s Mot. at 16:16-19), as said limitations period (see Quarles Decl. Ex. A ¶ 17) "governs the delivery of HP Care Pack support services" (see id. Ex. A ¶ 1), and Pattison's claims are not based on a failure to provide support services.

**CONCLUSION**

For the reasons stated, HP's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent HP seeks dismissal of Pattison's claim for an injunction prohibiting HP from making misrepresentations on its website about HP Care Packs, the motion is GRANTED.

2. To the extent HP seeks dismissal of Pattison's breach of contract claim, the motion is GRANTED.

3. To the extent HP seeks dismissal of the portion of Pattison's fraud claim based on a failure to perform contractual obligations, the motion is GRANTED.

4. In all other respects, the motion is DENIED.

In the event Pattison wishes to amend to cure the deficiencies identified above, Pattison shall file a Second Amended Complaint no later than October 25, 2024. Pattison may not, however, add new claims or defendants without first obtaining leave of court. See Fed. R. Civ. P. 15(a). If Pattison does not file a timely Second Amended Complaint, the instant action will proceed on the remaining claims.

**IT IS SO ORDERED.**

Dated: October 2, 2024

MAXINE M. CHESNEY
United States District Judge