IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY PATTISON,<br><br>    Plaintiff,<br><br>  v.<br><br>HP INC.,<br><br>    Defendant. | Case No. 24-cv-02752-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

      Before the Court is defendant HP Inc.'s ("HP") Motion, filed August 29, 2025, "for Judgment on the Pleadings." Plaintiff Mary Pattison ("Pattison") has filed opposition, to which HP has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

      Rule 12(c) of the Federal Rules of Civil Procedure provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." See Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir.1990).

      The instant action proceeds on two Causes of Action asserted in Pattison's Third Amended Complaint ("TAC"), namely, the First Cause of Action, titled "Fraud," and the Second Cause of Action, titled "Violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ['CLRA']."

      As the Court explained in an order addressing HP's challenges to the Second

---

[1] By order filed September 24, 2025, the Court took the matter under submission.

1 Amended Complaint, which observations apply equally to the TAC, Pattison's claims are
2 premised on her allegations that "she and HP entered into a contract titled 'HP Care Pack
3 Support Terms (hereinafter, 'Terms')" and that "she did so in reliance on 'false'
4 statements on HP's website that a customer who does not use the services set forth in
5 the Terms is entitled to a full refund at the end of the three-year contractual period." (See
6 Order, filed December 5, 2024, at 1:17-21.)  As before, Pattison also alleges that she did
7 not use the services during the contractual term, that she applied for a rebate on
8 December 19, 2023, a date after the conclusion of the contractual term, and that, when
9 she heard nothing for several months, she attempted without success to locate a
10 webpage or telephone number at which she could follow up on the status of the promised
11 rebate.  (See TAC ¶¶ 17-24.)[2]

12 The instant motion for judgment on the pleadings raises two arguments, which the
13 Court addresses in turn.

**A. Damages Claims Based on Time Spent/Opportunity Lost When Seeking Rebate**

15 Pattison sets forth the damages she seeks as follows:

> As a result of [HP's] false representations, failure to disclose material facts about its Care Pack program, failure to properly administer the Care Pack program, and failure to timely provide rebates, Plaintiff and Class members have all sustained actual injuries and damages, including: (i) direct damages equal to the cost of their computer equipment and their Care Pack, (ii) lost benefit of the bargain; (iii) lost time and opportunity costs associated with attempting to register the Care Pack and obtain Care Pack rebates; (iv) damages from delayed refunds; and (v) nominal damages.

(See TAC ¶ 25.)

HP argues it is entitled to judgment to the extent Pattison's claims are based on one particular theory of damages, which HP describes as "recover[ing] for encountering an inoperative website or erroneous telephone number" (see Def.'s Mot. at 6:15-17), i.e., compensation for "lost time and opportunity costs associated with attempting to . . .

---

[2] Pattison filed her initial Complaint on May 8, 2024.  In connection with an earlier-filed motion, HP submitted evidence that, after Pattison filed her initial Complaint, HP mailed Pattison a rebate.  (See De Leon Decl., filed July 12, 2024, Ex. A.)

obtain Care Pack rebates" (see TAC ¶ 25).  In particular, HP argues, such damages are nominal in nature.

Nominal damages are not available under California law as a remedy for fraud or for a violation of the CLRA.  See Hynix Semiconductor Inc. v. Rambus, Inc., 527 F. Supp. 2d 1084, 1100 (N.D. Cal. 2007) (holding, "[b]ecause damages are essential to a claim for fraud, 'nominal damages are not awarded in deceit'") (quoting Prosser and Keaton on Torts § 110 (5th Ed. 1984)); Khasin v. R.C. Bigelow, Inc., 2016 WL 1213767, at *45 (N.D. Cal. March 29, 2016) (holding plaintiff seeking damages under CLRA must prove "actual damages"; noting plaintiff therein "ha[d] not cited a single case demonstrating that nominal damages are available under [the CLRA]").

Here, HP, citing Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49 (2013), argues an award based on the time Pattison allegedly spent attempting to locate a working website or telephone number in connection with seeking a rebate is typical of the type of damages courts have characterized as "nominal." See, e.g., id. at 79 (holding, where plaintiff alleged mortgage loan servicer made false statement that it would consider merits of plaintiff's application to modify mortgage, plaintiff not entitled to damages predicated on value of time and effort spent to prepare application; finding "[t]ime and effort spent assembling materials for an application to modify a loan is the sort of nominal damage subject to the maxim de minimis non curat lex—i.e., the law does not concern itself with trifles"); Badame v. J.P. Morgan Chase Bank, N.A., 641 Fed. Appx. 707, 710 (9th Cir. 2016) (holding "[p]laintiffs' contention that they are entitled to damages for the loss of time and energy they spent through the loan modification process . . . fails [for the reasons stated in] Lueras," namely, "the law does not concern itself with trifles").

In her opposition, Pattison's sole argument as to why the above-referenced authorities are inapplicable to her claim for damages incurred as a result of "lost time and opportunity costs" associated with her attempt to obtain a refund (see TAC ¶ 25) is that she has alleged HP "misrepresent[ed] the services it is selling to customers (and hiding problems with those services) in exchange for their money" (see Pl.'s Response at 6:10-

3

1  12).  The Court is not persuaded.  The claims in the above-described cases were, like
2  here, fraud claims, and the holdings therein were not based on a failure to sufficiently
3  plead a false statement, but, rather, on a finding that the damages sought were nominal.
4        Accordingly, to the extent Pattison's claims are based on lost time and opportunity
5  costs associated with her attempt to obtain a refund, HP is entitled to judgment.

**B.  Claims on Behalf of Class Members Who Did Not Submit Claim Forms**

7        The proposed class, as defined in the SAC is, "[a]ll individuals and entities residing
8  within the United States and its territories who have (a) purchased computer equipment
9  along with a Care Pack from HP Inc. that covered the computer equipment; and (b) not
10  experienced a service event involving the computer equipment for three years since the
11  purchase of the Care Pack."  (See TAC ¶ 30.)
12        Relying on the principle that "a class representative must be part of the class and
13  possess the same interest and suffer the same injury as the class members," see
14  General Telephone Co. v. Falcon, 457 U.S. 147, 156 (1982) (internal quotation and
15  citation omitted), HP argues Pattison "lacks standing to represent putative class members
16  who never submitted a rebate to HP" in that "[s]uch persons have no claim for [a] delayed
17  rebate check" (see Def.'s Mot. at 9:3-6), and, consequently, that her claims on behalf of
18  class members who have not applied for a rebate are subject to dismissal.[3]
19        The putative class here, however, is not defined as persons who submitted
20  requests for rebates, but, rather, persons who purchased a computer and Care
21  Pack—impliedly, like Pattison, in reliance on HP's representations regarding a potential
22  rebate—and, as set forth above, Pattison asserts she and the class members "sustained"
23  several types of damages, including "the cost of their computer equipment and their Care
24  Pack[s]."  (See TAC ¶ 25.)  Thus, under Pattison's theory of the case, persons who did

---

[3] Although Pattison argues such issues should be addressed "during the class certification phase" (see Pl.'s Opp. at 4:6-7), the Supreme Court has explained that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim," see General Telephone, 457 U.S. at 160.

4

not apply for a refund would share with her such asserted loss.  See Jimenez v. Allstate Ins. Co., 765 F.3d 1161, 1167-68 (9th Cir. 2014) (holding that "[s]o long as the plaintiffs [are] harmed by the same conduct, disparities in how or by how much they [are] harmed [does] not defeat class certification"; noting "it would drive a stake through the heart of the class action device to require that every member of the class have identical damages") (internal quotation, citation, and alteration omitted).[4]

Consequently, looking solely to the record currently presented, the Court finds the interests of persons who did not actually apply for a rebate are "fairly encompassed within the named plaintiff's claim[s]."  See General Telephone, 457 U.S. at 160.

Accordingly, the Court finds HP has failed to show the claims Pattison seeks to bring on behalf of putative class members who have not applied for a rebate are subject to dismissal.

## CONCLUSION

For the reasons stated above, the Motion for Judgment on the Pleadings is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent Pattison's claims are based on damages resulting from the time and opportunity allegedly lost when she attempted to obtain a rebate, the motion is GRANTED and HP is entitled to judgment.

2. In all other respects, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 6, 2025

MAXINE M. CHESNEY
United States District Judge

---

[4] In its reply, HP, for the first time, makes the argument that putative class members who did not request a rebate "neither paid more or received less as the result of HP's alleged omissions or representations."  (See Def.'s Reply at 7:4-7 (internal quotation and citation omitted).)  The Court does not at this time consider said argument.  See Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 843 n. 6 (9th Cir.2004) (declining to consider argument raised for first time in reply; noting opposing party lacked opportunity to respond).