United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARY PATTISON,

          Plaintiff,

    v.

HP INC.,

          Defendant.

Case No.  24-cv-02752-MMC

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Before the Court is defendant HP, Inc.'s ("HP") "Motion for Summary Judgment," filed March 13, 2026. Plaintiff Mary Pattison ("Pattison") has filed opposition, to which HP has replied. The matter came on regularly for hearing on May 29, 2026. David E. Wynne of Wynne Law PLLC and Jarrett Ellzey of Ellzey & Associates appeared on behalf of plaintiff. Michael J. Stortz and Rachel Berman of K&L Gates LLP appeared on behalf of defendant. Having considered the parties' respective written submissions and the arguments of counsel at the hearing, and for the reasons stated in detail on the record at the hearing, the Court rules as follows.[1]

Pattison, at her deposition, was shown a page from her Third Amended Complaint ("TAC"), in which she sets forth the following three bullet points representing the alleged misrepresentations on which her two claims, "Fraud" and "Violations of the Consumer Legal Remedies Act," are based:

- The purchaser can "Get 100% money back (excluding tax)" while covering "Accidental damage protection," promising "hardware Repair Coverage" and "No extra fees for repairs."

---

[1] The reasoning set forth in summary form below is in no manner intended to replicate the entirety of the Court's analysis set forth at the hearing.

United States District Court
Northern District of California

- "With HP Pick Up and Return with Accidental Damage Protection Service, you'll enjoy quick pickup, repair and return of your PC, shipping included. You'll also have access to 24x7 technical support and extended coverage—while keeping your PC covered by the manufacturer that knows it best. Drops? Spills? We've got you covered from unexpected accidents. Extend and enhance protection beyond your standard limited warranty with reliable support, expedited repairs, and accidental damage protection. Multi-year options are available. … This is a Care Pack that qualifies for Risk Free Rebate. The Risk Free Rebate allows you to protect your PC with an HP Care Pack; and if you don't use it, get your money back, excluding taxes paid, guaranteed."

- "Allow 6 to 8 weeks from the time that the claim is received by HP for processing. Then you will receive your rebate check by mail within 8-10 business days."

(See TAC ¶ 16.) The first and second bullet points are no longer at issue, defendant having tendered, during the course of the action, the full amount of the rebate (see Decl. of Michael J. Stortz, Ex. B (plaintiff's deposition transcript ("Tr.")) at 144:7-11),[2] leaving for resolution the representation as to a time frame.

At her deposition, plaintiff was shown the above-referenced three bullet points, and was asked if she had "any specific recollection of seeing those statements on the HP

---

[2] To the extent plaintiff argues use of the phrase "risk free" is actionable because, according to plaintiff, "HP omitted that it lacked the infrastructure to effectively process rebate claims," (see Opp at 15:16-18), the evidence on which she relies is unavailing, in that, with one exception, it post-dates the time of her purchase by a period of time ranging from two to five years thereafter (see Decl. of David E. Wynne ("Wynne Decl."), Exs. 3-10); moreover, plaintiff acknowledges that, prior to the instant purchase, she purchased a Care Pack and received a full rebate in satisfactory fashion. (See Tr. 79:22-80:6; 87:18-22.) As to the one exception, a series of internal emails concerning a malfunction with the customer service hotline at a time encompassing plaintiff's purchase (see Wynne Decl., Ex. 11), such evidence has no bearing on HP's ability to process rebate claims, nor has plaintiff shown how any problem with such phone number caused her any injury.

United States District Court
Northern District of California

website at any time before filing suit in 2024," to which plaintiff responded, "not verbatim, but I reviewed the content of these bullets and had an understanding of their meaning before I made the purchase in 2020." (See Tr. 113:4-10.)

Pattison's counsel then sought to "clarif[y]" Pattison's testimony by taking the representations one at a time and inquiring whether Pattison, before making her purchase, saw each of those representations. As to the first two bullets, i.e., the guarantees of "100% money back," and a "Risk Free Rebate," Pattison answered "Yes." (See id. at 186:20-187:7.)

As to the third bullet, however, her counsel asked, and in the broadest manner possible, "even if you can't remember exactly a rebate deadline for providing a full rebate for the cost of the Risk-Free Care Pack, do you recall generally seeing terms that indicated a rebate would be made within a certain time frame if the warranty was unused?" and plaintiff responded "I don't recall." (See id. at 187:8-14.)

Under such circumstances, HP has met its burden of demonstrating Pattison has not raised and cannot raise a triable issue as to reliance, a requisite element of her two claims.[3]

Accordingly, the motion for summary judgment is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: June 2, 2026

MAXINE M. CHESNEY
United States District Judge

---

[3] Contrary to plaintiff's argument, the above testimony is not the equivalent of the conflicting testimony found to create a triable issue in Ries v. Arizona Beverages USA LLC, 287 F.R.D. 523 (N.D. Cal. 2012), where the plaintiff "admitted she purchased the product without reading the label" but also testified she "specifically recall[ed] defendants' representations of [the product] as 'natural.'" See id. at 530-31. Here, by contrast, given the scope of the initial question, plaintiff's answer thereto is not a clear statement of her having read and relied on any particular one of three distinct representations, but, rather, an ambiguous response, which, by a series of specific questions, was clarified.